# United States District Court
## For The Middle District of Florida
### Tampa Division

Blake Warner, on behalf of himself and his minor child J.W.

v.

The School Board of Hillsborough County, Florida

Case Number 8:23-CV-1029

# Unopposed Motion for Leave to File Documents Using the Middle District of Florida's Electronic Docketing System

As the *Plaintiff* in the above-captioned matter, I respectfully ask the Court for permission to participate in electronic case filing ("e-filing") in this case. Specifically, *Plaintiff* requests permission to be added to the docket service list to receive service via CM/ECF filings, and permission to file documents directly with CM/ECF to serve *Defendant* via CM/ECF.

## I  Standard

But to receive an exemption from the general rule that pro se litigants must file paper documents with the Court, a litigant must establish that *"an exemption is necessary to avoid unreasonable burdens and to promote access to in-*

1

*formation."* See Ogilvie v. Millsaps, No. 8:15-CV-2477-T-36JSS, 2015 WL 6688343, at *1 (M.D. Fla. Oct. 30, 2015)

Quoting Shed v. Univ. of S. Fla. Bd. of Trustees, No. 8:22-CV-1327-KKM-TGW, 2022 WL 2872296, at *2 (M.D. Fla. July 21, 2022) (emphasis mine).

## II  Facts

1. Mr. Warner is a full-time single parent of an elementary aged child.

2. He is employed full-time as a software engineer.

3. He does not have time to visit the court house during normal business hours, to obtain a free copy of filed documents every time there is a new filing.

4. Mr. Warner is prohibited from bringing electronic devices into the federal courthouse.

5. Mr. Warner has four (4) times previously been granted CM/ECF access in the Middle District of Florida[1].

6. Mr. Warner has never abused CM/ECF access.

## III  Good Cause

### 1.  Public Access

*Plaintiff* has the RECAP plugin installed in his web browser and associated with his PACER, so any filings that are served upon *Plaintiff* via CM/ECF and NAF are automatically published publicly[2]. Therefore it is in the public interest that *Plaintiff* is granted CM/ECF access so that they may have better access to public information.

---

[1] *see* Warner v. Hillsborough County Clerk of Courts (8:22-cv-01977 Doc. 8), Warner v. Corson Realty Group, Inc. (8:20-cv-03093 Doc. 10), and Warner v. Better Mortage Corporation (8:22-cv-2874 Doc. 12), Warner v. School Board of Hillsborough County, Florida (8:23-cv-181 Doc. 17)

[2] *see* https://www.courtlistener.com/docket/66667650/warner-v-better-mortgage-corporation/ and https://www.courtlistener.com/docket/64931560/warner-v-hillsborough-county-clerk-of-courts/.

## 2. Costs to Access Filings

As the court noted in it's previous order[3], *Plaintiff* incurs costs retrieving electronic copies of filings on his own case from PACER. Indeed *Plaintiff* has already incurred these costs by obtaining copies of all pleadings and orders on this docket from PACER. These are costs that *Defendant* is not forced to incur (NAF gives you a free copy of each filing).

## 3. Public Access

As previously alleged in § III "Facts", Mr. Warner does not have reasonable access to the free documents at the court house.

## 4. Efficient Administration of Justice

By allowing all parties to participate in e-filing, service of all documents is automatic and instantaneous. This ultimately means less work for both the clerks and the court alike, and less potential arguments for the *pro se* litigant to make regarding service and filing deadlines.

Additionally, a motion for preliminary injunction is expected to be filed, and given the time sensitive nature of some of those related filings, the ability to instantly file documents would help all parties meet tigher deadlines.

*Pro se* litigation is already inherently more time consuming and expensive for the court and parties to adjudicate, anything that can be done to mitigate any of the difficulties associated with *pro se* litigation should be well taken.

# IV   Affirmation

I hereby affirm that:

1. I have reviewed the requirements for e-filing and agree to abide by them.

---

[3]D.E. 8

2. I understand that once I register for e-filing, I will receive notices and documents only by email in this case and not by regular mail.

3. I have regular access to the technical requirements necessary to e-file successfully:

   (a) A computer with internet access;

   (b) An email account on a daily basis to receive notifications from the Court and notices from the e-filing system.

   (c) A scanner to convert documents that are only in paper format into electronic files;

   (d) A printer or copier to create required paper copies such as chambers copies;

   (e) A word-processing program to create documents; and

   (f) A pdf reader and a pdf writer to convert word processing documents into pdf format, the only electronic format in which documents can be e-filed.

# V  Conclusion

**Wherefore**, *Plaintiff* requests that he be given full CM/ECF access to the docket.

## Local Rule 3.01(g) Certification

I certify that I have conferred with the opposing party, and they have indicated that they are unopposed to the relief sought in this motion.

## Certificate of Service

I certify that a copy hereof has been furnished to all Defendants.

5-12-2023

Date

*[signature]*

Signature

Blake Warner, *pro se*

2211 S Village Ave

Tampa, FL 33612

E-Service: BLAKE@NULL3D.COM