# United States District Court
### For The Middle District of Florida
### Tampa Division

Blake Warner, on behalf of himself and his minor child J.W.

v.

The School Board of Hillsborough County, Florida

Case Number 8:23-CV-1029

# [PROPOSED] Order Granting Plaintiff's Motion for Preliminary Injunction

This matter comes before this Court on *Plaintiff*'s Motion for Preliminary Injunction. In determining whether to grant this motion, this Court has considered whether (1) there is a substantial likelihood of success on the merits; (2) there is irreparable harm; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. NetChoice, LLC v. Att'y Gen., Fla., 34 F.4th 1196, 1209 (11th Cir. 2022). This Court, having reviewed the motion and being otherwise sufficiently advised, finds as follows:

1. *Plaintiff* has established that they would be irreparably harmed absent a preliminary injunction.

1

2. *Plaintiff* has established a strong likelihood of success on the merits of counts I and II of the Verified Complaint (Doc 1).

3. *Plaintiff* has established that entry of a preliminary injunction is in the public interest because the school board has no legitimate interest in unlawfully denying an equal educational opportunity or school choice to *Plaintiff*.

4. *Plaintiff* has established that the balance of equities favors it because that school board does not have an interest in unlawfully segregating it's students, and *Plaintiff* has demonstrated significant hardship if the injunction is not granted.

5. *Plaintiff* has established that *Defendant* will actually benefit from the relief requested in the injunction. This Court concludes that requiring security under Fed. R. Civ. P. 65(c) is not appropriate in this case. *see* BellSouth Telecommunications, Inc. v. MCIMetro Access Transmission Servs., LLC, 425 F.3d 964, 970–71 (11th Cir. 2005) (upholding district court's decision to not to set a bond requirement given the strength of the arguments and the public interest involved).

Accordingly, IT IS HEREBY ORDERED as follows:

1. *Plaintiff*'s Motion for Preliminary Injunction is GRANTED against *Defendant*.

2. *Defendant* and all those acting in concert with it are ORDERED to enroll J.W. at Carrollwood K-8 for the sixth grade 2023-2024 school year.

3. The requirement of security under Fed. R. Civ. P. 65(c) is waived due to the lack of harm to *Defendant*.

Done this _____ day of _____, 2023.

_____
Signature
UNITED STATES DISTRICT JUDGE