UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BLAKE A. WARNER, on behalf of
himself and his minor child J.W.,

    Plaintiff,

v.                                                CASE NO. 8:23-cv-1029-SDM-SPF

SCHOOL BOARD OF
HILLSBOROUGH COUNTY,
FLORIDA,

    Defendant.
_____/

## ORDER

Blake Warner, appearing *pro se*, sues (Doc. 1) the School Board of Hillsborough County, Florida, and alleges that, by assigning his child to a school "other than the one closest to [the child's] place of residence within the school district in which [the child] resides," the School Board segregates the schools in Hillsborough County and thus violates 20 U.S.C. § 1703(c). But this claim appears identical to a claim that Warner asserts in a separate pending action, *Warner v. The School Board of Hillsborough County, Florida*, 8:23-cv-181-SDM-JSS (M.D. Fla.). Indeed, in both actions, Warner asserts against the same defendant similar claims based on a common set of facts.

Under *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1236 (11th Cir. 2021), and *Vanover v. NCO Financial Services, Inc.*, 857 F.3d 833, 841 (11th Cir. 2017), a

plaintiff may not "split [] claims among [different] lawsuits[.]"  That is, a plaintiff may not assert in a different action against the same defendant claims arising from "the same transaction or series of transactions."

Because Warner maintains against the School Board another action in which Warner asserts claims based on the "same transaction," no later than **MAY 30, 2023**, Warner must explain why an order should not dismiss this action for improperly splitting his claims between two actions.  The School Board's deadline by which to respond to the pending motion (Doc. 11) for a preliminary injunction is **STAYED** pending the resolution of this order to show cause.

ORDERED in Tampa, Florida, on May 16, 2023.

/s/ Steven D. Merryday
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE