# United States District Court
## For The Middle District of Florida
## Tampa Division

Blake Warner, on behalf of himself and his minor child J.W.

v.

The School Board of Hillsborough County, Florida

Case Number 8:23-CV-1029

## Plaintiff's Response To Order to Show Cause

The test for frame-splitting "is not whether there is finality of judgment, but whether the first suit, assuming it were final, would preclude the second suit.". *Vanover v. NCO Financial Services, Inc.*, 857 F.3d 833 (11th Cir. 2017).. And the answer to that is no, there is nothing in 8:23-cv-181 ("Warner 1") that would preclude later bringing either claim in 8:23-cv-1029 ("Warner 2") on res adjudica grounds:

The gravamen of *Warner 1*'s claims are the *past* unlawful manipulation of property values in *south tampa* through unlawful boundary assignments for Plant High School and surrounding schools. The gravamen of *Warner 2*'s claims are the assignment and placement of a specific student for the *future* 2023-2024 school year at Carrollwood K-8 in *north tampa*. That school did not even exist at the time *Warner 1* was filed.

1

Additionally, *Plaintiff* expects *Defendant* to raise a certain defense, at which point *Warner 2* will be amended to add an Americans With Disabilities Act claim[1]. These two lawsuits involve different transactions with a different set of operative facts. They have different identities.

> "In determining whether a party has improperly split its claims among lawsuits, this Court examines: "(1) whether the case involves the same parties and their privies, and (2) whether separate cases arise from the same transaction or series of transactions." Id. at 841-42 (quotation marks omitted)"

## Different Transactions

> "this Court has adopted the 'transactional test' from the Restatement (Second) of Judgments § 24, giving weight to considerations such as 'whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.' Id. (quoting Petro-Hunt, L.L.C. v. United States, 365 F.3d 385, 396 (5th Cir. 2004)). 'Under the transactional test, a new action will be permitted only where it raises new and independent claims, not part of the previous transaction, based on the new facts.' Id. (quoting Hatch v. Boulder Town Council, 471 F.3d 1142, 1150 (10th Cir. 2006))." quoting *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221 (11th Cir. 2021).

The time, space, origin, or motivation are all different between the actions. The motivation of *Warner 1* is to prevent the manipulation of property values. The motivation in *Warner 2* is school placement. Consolidating the manipulation of an entire regions property values with educational placement/school choice (and possibly disability) claims of a specific student is certainly neither convenient for trial nor conforms to the parties' expectations. Quite the opposite: keeping the actions separate would promote judicial economy by allowing the court to quickly dispose of the action through Rule 65 consolidation of *Warner 2*'s preliminary injunction hearing with the trial on the merits or a 12(c) motion, due to the low amount of disputed facts and

---

[1] Certain education related disability claims no longer need to exhaust I.D.E.A. administrative remedies and can go straight to court. *see Perez v. STURGIS PUBLIC SCHOOLS*, No. 21-887 (U.S. Mar. 21, 2023)

relative simplicity of the case. In comparison, *Warner 1* is a boat anchor that *Warner 2* should not be tied to.

The Fla. Stat. § 1002.31 ("Controlled open enrollment; public school parental choice") claim in *Warner 2* clearly has absolutely nothing to do with *Warner 1* at all.

## Conclusion

*Warner 2* not only raises new independent claims that are not part of any transactions in *Warner 1*, but they are clearly meritorious claims that had not accrued at the time *Warner 1* was filed (unlike *Vanover* and *Floridian*). *Plaintiff* did not "slow-roll" any claims, and it is in the interest of judicial economy that they remain separate.

It would be a particularly harsh result to dismiss a student's meritorious educational segregation claim. I respectfully request that the Court allow this action to proceed.

5-16-2023

Date

Signature

Blake Warner, *pro se*

2211 S Village Ave

Tampa, FL 33612

E-Service: BLAKE@NULL3D.COM

3