# United States District Court
### For The Middle District of Florida
### Tampa Division

Blake Warner, on behalf of himself
and his minor child J.W.

v.

The School Board of
Hillsborough County, Florida

Case Number 8:23-CV-1029

## Plaintiff's Second Supplemental Response To Order to Show Cause

*Plaintiff* has amended his complaint in *Warner 1*.

> "An amended pleading supersedes the former pleading; 'the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.' Proctor & Gamble Defense Corp. v. Bean, 146 F.2d 598, 601 n. 7 (5th Cir.1945)" Dresdner Bank AG v. M/V OLYMPIA VOYAGER, 463 F.3d 1210 (11th Cir. 2006)

Notably all EEOA claims were removed, and J.W. was removed as a plaintiff entirely. In *Warner 2*, for res judicata analysis purposes, Mr. Warner is only a nominal party for the *school choice* count[1], J.W. is the real party in interest.

---

[1] which has absolutely nothing to do with *Warner 1*

1

Therefore the first prong of the claim-splitting test[2] fails because the plaintiffs/the real parties in interest are not the same between the two cases, and there are no common causes of action between the two cases. J.W. is not privy to Mr. Warner's Fair Housing Act Claim in *Warner 1*, and Mr. Warner is not privy to J.W.'s EEOA count in *Warner 2* because "close family relationships are not sufficient by themselves to establish privity with the original suit's party, or to bind a nonparty to that suit by the judgment entered therein."[3]

| | |
|---|---|
| 5-19-2023 | *[signature]* |
| Date | Signature |
| | Blake Warner, *pro se* |
| | 2211 S Village Ave |
| | Tampa, FL 33612 |
| | E-Service: BLAKE@NULL3D.COM |

---

[2] "(1) whether the case involves the same parties and their privies". *see* Vanover v. NCO Financial Services, Inc., 857 F.3d 833 (11th Cir. 2017).

[3] *see* Baloco v. Drummond Co., Inc., 767 F.3d 1229 (11th Cir. 2014). (quoting Freeman v. Lester Coggins Trucking, Inc., 771 F.2d 860 (5th Cir. 1985)).