# United States District Court
## For The Middle District of Florida
## Tampa Division

Blake Warner, on behalf of himself and his minor child J.W.

v.

The School Board of Hillsborough County, Florida

Case Number 8:23-CV-1029

## Amended Verified Complaint

## Introduction

*Plaintiff*, Blake Warner, *pro se*, hereby brings this action, on behalf of himself and his minor child J.W., against The School Board of Hillsborough County, Florida ("HCSB") for violations of 20 U.S. Code § 1706 ("Equal Educational Opportunities Act") or ("EEOA"); 42 U.S.C. § 1983 Due Process and writ of mandamus for violating state open school enrollment laws; for unlawfully segregating J.W. by assigning him to a more distant minority school and then refusing his school choice application to a closer white school that had extra capacity available to accept him.

1

## PLAINTIFFS

1. *Plaintiff* Blake Warner is African-American and the parent of a minor child (J.W.) who currently attends a public school operated by the HCSB.

2. Blake Warner and J.W. permanently reside at 2211 S. Village Ave, Tampa, Florida.

## DEFENDANT HCSB

3. Defendant The School Board of Hillsborough County, Florida operates, controls and supervises all free public schools within Hillsborough County pursuant Art. IX § 4 and Fla. Stat. § 1001.42.

## JURISDICTION AND VENUE

4. This court has jurisdiction pursuant 28 U.S. Code § 1331; 20 U.S. Code § 1706; 28 U.S. Code § 1367; 42 U.S.C. § 1983 and 1988; Art. V, § 5(b), Fla. Const.; and Rule 9.030(c)(3) of the Florida Rules of Appellate Procedure.

5. Venue is proper pursuant 28 U.S.C. § 1391 with respect to all defendants, because all Defendants reside in the Middle District of Florida, and all events giving rise to *Plaintiff*'s claims occurred in the Middle District of Florida.

## SETTLEMENT

6. *Plaintiffs* previously sued *Defendant* in 2021 alleging disability discrimination under the I.D.E.A. and section 504 regarding the *Defendant*'s now-defunct mask mandate and it's negative affects on autistic children[1]. As *Defendant* has previously publicly posted in 8:23-CV-1029 D.E. 30 Exhibit 1 and 8:23-CV-181 D.E. 18 Exhibit 1[2], the parties entered into a settlement agreement which–inter alia– states (emphasis mine):

---

[1] *see* https://www.tampafp.com/alleged-mind-games-cause-suit-against-hillsborough-county-school-superintendent-by-father-of-disabled-son/

[2] *Plaintiffs* do not dispute the authenticity of the redacted settlement agreement the school board has published.

> "discharges the School Board and District from any and all claims, demands, causes of action, complaints or charges, known or unknown specifically related J.W.'s education, services, and educational program in the District through the *date of the execution of this Agreement*."

7. The settlement was executed on March 15, 2022. The causes of action this lawsuit are predicated on did not accrue until a) *Plaintiff*'s relocated from *south tampa* to *north tampa* in October 2022 and b) Carrollwood K-8 was created on May 9, 2023. Both events well after the time frame covered by the agreement.

## Carrollwood K-8

8. On 05-09-2023, *Defendant* promulgated a format change for Carrrollwood Elementary, converting it from kindergarten through fifth grade ("K-5") to kindergarten through eighth grade ("K-8") effective August 2023 with the 2023-2024 school year for the sixth grade. *see* Exhibit E.

9. J.W. is starting the sixth grade for the 2023-2024 school year.

10. *Defendant* assigned J.W. to Adams Middle School–located at 10201 N Blvd, Tampa, FL 33612–using his home address.

11. Carrollwood K-8 is located at 3516 McFarland Rd, Tampa, FL 33618.

12. Both Adams Middle School and Carrollwood K-8 are operated by *Defendant*.

## Harm

13. *Plaintiff* is harmed by being forced to choose between being denied an equal educational opportunity by attending a failing racially segregated school in his community; or driving approximately two hours per day to distant schools that J.W. can get admitted into (Coleman Middle School in south tampa), resulting in a loss of community and significantly increased transportation costs. *Plaintiff* further

suffers harm from a lower property value of his home as a direct and proximate result of *Defendant* unlawfully assigning that home to a failing, segregated school (Adams).

## PARENTAL RIGHTS

14. Mr. Warner has a fundamental right under the Fourteenth Amendment to make decisions concerning the care, custody, education, and control of J.W. *see* Troxel v. Granville (2000).

15. The educational welfare/placement of J.W. is closely tied to the Mr. Warner's Fourteenth Amendment fundamental rights and his ability to advocate for J.W.'s rights.

16. The state of Florida has additionally given Mr. Warner the following rights:

    (a) The right to direct the education and care of J.W.[3]; and
    (b) The right, pursuant to s. 1002.20(2)(b) and (6), to apply to enroll J.W. in a public school[4].

## CARROLLWOOD K-8 CAPACITY

17. The current anticipated 2022-2023 enrollment for Carrollwood K-5 is 691, with a total capacity of 797. *see* Exhibit C.

18. The anticipated enrollment for the expanded Carrollwood K-8 is 861 with a capacity of 812. *see* Exhibit C.

19. However, for the 2023-2024 school year, Carrollwood is only a K-6: seventh grade is being added for the 2024-2025 year, and eighth for the 2024-2025 school year[5].

---

[3] *see* Fla. Stat. § 1014.04(a)
[4] *see* Fla. Stat. § 1014.04(c)
[5] "For the 2023-24 school year, incoming sixth graders (current fifth graders) will be required to remain ... For the 2024-25 school year, incoming sixth graders (current fourth graders) will be required to remain ... For the 2025-26 school year, incoming sixth graders (current third graders) will be required to remain.". *see* Exhibit E pp. 2-3

20. If you subtract the missing seventh and eighth grade students from the anticipated enrollment, you get an anticipated enrollment of 747[6] with a capacity between 797 and 812, therefore there is room at this school for J.W. to attend for the 2023-2024 school year.

21. The proposal that the school board promulgated which created Carrollwood K-8, states it's capacity is 886 with projected enrollment of only 651 (73% utilization) for the 2025-2026 school year[7].

## COUNT I
### *20 U.S. Code § 1703(c): Closest School*
### ***Blake Warner and J.W. Against* DEFENDANT *HCSB***

22. *Plaintiffs* re-alleges and incorporates by reference ¶ 1 - 13

23. The EEOA declares unlawful segregation as "the assignment by an educational agency of a student to a school, other than the one closest to his or her place of residence within the school district in which he or she resides, if the assignment results in a greater degree of segregation of students on the basis of race, color, sex, or national origin among the schools of such agency than would result if such student were assigned to the school closest to his or her place of residence within the school district of such agency providing the appropriate grade level and type of education for such student".

24. J.W.'s home is 1.6 miles from Carrollwood K-8. *see* Exhibit A.

25. J.W.'s home is 2.3 miles from Adams Middle School. *see* Exhibit B.

26. Adams Middle School is a failing school with a D-rating from the Florida Department of Education. *see* Exhibit G.

---
[6] 672 + (941 / 3)
[7] *see* Exhibit E pp. 3

27. Adams Middle School's student demographics are 29.65% black, 55.13% hispanic, and 7.05% white. *see* Exhibit F pp. 1.

28. Carrollwood K-8 is a good school with an A-rating from the Florida Department of Education. *see* Exhibit G.

29. Carrollwood K-8's student demographics are 7.56% black, 39.56% hispanic, and 41.78% white. *see* Exhibit F pp. 4.

30. *Defendant* created a greater degree of segregation when they assigned the African-American *Plaintiffs* to further away minority school (Adams) despite there being a closer white school (Carrollwood K-8).

## Nature of Relief

**Wherefore**, *Plaintiffs* respectfully requests that this court:

(a) declare the actions, omissions, policies, and procedures of Defendant HCSB, complained of herein to be in violation of the EEOA; and

(b) enter an order directing *Defendant* HCSB to redraw the Carrollwood K-8 assignment boundary map to be in compliance with the EEOA; and

(c) enter an order directing *Defendant* HCSB to admit J.W. to Carrollwood K-8 for the 2023-2024 school year in compliance with the EEOA; and

(d) award to the *Plaintiff* costs of suit and reasonable attorney fees; and

(e) grant whatever additional relief this Court deems appropriate and just under the circumstances.

# COUNT II
### *Writ of Mandamus: Controlled Open Enrollment*
### *Blake Warner and J.W. Against* DEFENDANT *HCSB*

31. *Plaintiffs* re-alleges and incorporates by reference ¶ 1 - 13

32. Florida is a controlled open enrollment state: School Boards have a non-discretionary ministerial duty to "allow a parent from any school district in the state ... to enroll his or her child in ... any public school ... that has not reached capacity in the district ... The school district ... shall accept the student, pursuant to that school district's or charter school's controlled open enrollment process"[8].

33. *Plaintiffs* have a clearly established right to enroll in any public school that is below capacity. *see* Fla. Stat. § 1014.04, Fla. Stat. § 1002.20, Fla. Stat. § 1002.31, and the fundamental right of parents to direct the care, upbringing, and education of their children under Fourteenth Amendment of the United States Constitution.

34. The school board has no "open enrollment process" for Carrollwood K-8.

35. The school board has implemented a written policy[9] of blanket refusing all general choice applications for Carrollwood K-8 in violation of Fla. Stat. § 1002.31.

36. *Plaintiff* is not eligible to apply for choice hardship because Carrollwood K-8 is not capped / at-capacity. *see* Exhibit J.

37. *Plaintiff* has no procedural way to apply for general choice admission into Carrollwood K-8 for the 2023-2024 school year.

---

[8] *see* Fla. Stat. § 1002.31(2)(a)
[9] "General school choice options will be closed for Carrollwood PK-8". *see* Exhibit E pp. 3

38. Carrollwood K-8 has capacity to accept J.W. *Plaintiffs* re-alleges and incorporates by reference ¶ 17 - 21 "Carrollwood K-8 Capacity".

39. *Defendant* operates a website for parents to submit all choice applications to the school board.

40. This website allows parents submit their child's student information, then presents a finite list of schools of which that parent may apply to choice into.

41. When *Plaintiff* logged into this system during the March 8, 2023 - April 30, 2023 choice application window, *Defendant* did not list Carrollwood K-8 as an available option for the 2023-2024 school year.

42. Once it became evident that Carrollwood K-8 was going to be available for the 2023-2024 school year, *Plaintiff* sent the school board an email requesting choice admission into Carrollwood K-8 *during the choice application window* because Carrollwood K-8 was not available through the formal process (the website), however defendant refused to process his application. *see* Exhibit D.

## Nature of Relief

**Wherefore**, *Plaintiffs* respectfully requests that this court:

(a) declare the actions, omissions, policies, and procedures of Defendant HCSB, complained of herein to be in violation of Fla. Stat. § 1002.31; and

(b) enter an order directing *Defendant* to create procedures for general choice applications to Carrollwood K-8; and

(c) enter an order directing *Defendant* to admit J.W. to Carrollwood K-8; and

(d) award to the *Plaintiff* costs of suit and reasonable attorney fees; and

(e) grant whatever additional relief this Court deems appropriate and just under the circumstances.

## Count III
*42 U.S.C. § 1983: Due Process*
***Blake Warner and J.W. Against* Defendant *HCSB***

43. *Plaintiffs* re-alleges and incorporates by reference ¶ 1 - 13

44. Florida is a controlled open enrollment state: School Boards have a non-discretionary ministerial duty to "allow a parent from any school district in the state ... to enroll his or her child in ... any public school ... that has not reached capacity in the district ... The school district ... shall accept the student, pursuant to that school district's or charter school's controlled open enrollment process"[10].

45. *Plaintiffs* have a clearly established right to enroll in any public school that is below capacity. *see* Fla. Stat. § 1014.04, Fla. Stat. § 1002.20, Fla. Stat. § 1002.31, and the fundamental right of parents to direct the care, upbringing, and education of their children under Fourteenth Amendment of the United States Constitution.

46. *Defendant* has deprived *Plaintiffs* of those clearly established rights and liberties through their actions complained of herein.

47. The school board has no "open enrollment process" for Carrollwood K-8.

48. The school board has implemented a written policy[11] of blanket refusing all general choice applications for Carrollwood K-8 in violation of Fla. Stat. § 1002.31.

49. *Plaintiff* is not eligible to apply for choice hardship because Carrollwood K-8 is not capped / at-capacity. *see* Exhibit J.

---

[10] *see* Fla. Stat. § 1002.31(2)(a)
[11] "General school choice options will be closed for Carrollwood PK-8". *see* Exhibit E pp. 3

50. *Plaintiff* has no procedural way to apply for general choice admission into Carrollwood K-8 for the 2023-2024 school year.

51. Carrollwood K-8 has capacity to accept J.W. *Plaintiffs* re-alleges and incorporates by reference ¶ 17 - 21 "Carrollwood K-8 Capacity".

52. *Defendant* operates a website for parents to submit all choice applications to the school board.

53. This website allows parents submit their child's student information, then presents a finite list of schools of which that parent may apply to choice into.

54. When *Plaintiff* logged into this system during the March 8, 2023 - April 30, 2023 choice application window, *Defendant* did not list Carrollwood K-8 as an available option for the 2023-2024 school year.

55. Once it became evident that Carrollwood K-8 was going to be available for the 2023-2024 school year, *Plaintiff* sent the school board an email requesting choice admission into Carrollwood K-8 *during the choice application window* because Carrollwood K-8 was not available through the formal process (the website), however defendant refused to process his application. *see* Exhibit D.

56. *Plaintiff* has exhausted all administrative remedies, though that is not required to bring a 1983 due process claim. *see* Monroe v. Pape.

## Nature of Relief

**Wherefore**, *Plaintiffs* respectfully requests that this court:

(a) declare the actions, omissions, policies, and procedures of Defendant HCSB, complained of herein to be in violation of the Due Process Clause; and

(b) enter an order directing *Defendant* to admit J.W. to Carrollwood K-8; and

10

(c) award to the *Plaintiff* costs of suit and reasonable attorney fees; and

(d) grant whatever additional relief this Court deems appropriate and just under the circumstances.

## Demand for Bench Trial

Plaintiff hereby demands a trial by judge on all issues.

## Unsworn Declaration

I declare under penalty of perjury that the foregoing is true and correct. Executed on:

5-31-2023

Date

Signature

Blake Warner, *pro se*

2211 S. Village Ave

Tampa, FL 33612

E-Service: BLAKE@NULL3D.COM

11