# United States District Court
### For The Middle District of Florida
### Tampa Division

Blake Warner, on behalf of himself and his minor child J.W.

v.

The School Board of Hillsborough County, Florida

Case Number 8:23-CV-1029

## Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff' Amended Verified Complaint

The court should deny Defendant's Motion to Dismiss Verified Complaint (Doc. 23) because:

1. it is untimely under Rule 15(a)(3);

2. it contains a false 3.01(g) certification to this court; and

3. it violates Rule 15(b) because it was filed without consent or leave of the court.

1

# I  UNTIMELY

The Amended Complaint was filed on May 31, 2023. The response was due 14 days later on June 14, 2023, pursuant Rule 15(a)(3). *Defendant* filed their Motion to Dismiss, Doc. 23, five days past the filing deadline on June 14, 2023.

# II  FALSE 3.01(G) CERTIFICATION

1. On June 13, 2023, *Defendant* filed a Motion to Dismiss Amended Verified Complaint ("MTD").

2. Later that same day, *Plaintiff* emailed *Defendant* to confer on a Rule 11 motion with regards to that MTD for presenting facts which lack evidentiary support and making claims unsupported by existing law. *see* Exhibit A.

3. The next day, *Plaintiff* emailed *Defendant* requesting a conference on a Motion to Strike their MTD for lack of Local Rule 3.01(g) compliance.

4. The parties conferred on this Rule 11 matter On June 16, 2023. At the end of the conference, *Defendant* indicated that they would research some issues and consider seeking to amend their motion, and *Plaintiff* indicated he was going to research a matter and consider amending the complaint to be more clear. This conference only touched on issues specifically related to the Rule 11 motion, not to all issues in the MTD. *Defendant* gave no indication to *Plaintiff* either verbally or in writing that he considered this a conference on a motion to dismiss. *Plaintiff* was under the impression that the MTD had already been filed and was a done deal, his only concern was trying to convince *Defendant* to abandon some frivolous arguments.

5. On June 19, 2023, *Plaintiff* emailed *Defendant* to inform them that he had decided not to amend.

6. *Defendant* indicated that they were going to file an amended motion to dismiss.

7. *Plaintiff* responded by indicating–inter alia–that a) he did not consent to the filing of an amended motion; b) that *Defendant* needed leave of the court to file the amended motion; c) that they never conferred on a motion to dismiss; and d) that he wanted to include the school board attorney who drafted the settlement agreement at issue to provide context of the settlement negotiations to explain to him why his legal argument regarding that settlement was frivolous.

8. *Defendant* then unilaterally declared that the conference was complete, affixed a 3.01(g) certification that misrepresented that the parties had conferred, falsely indicated that the parties had conferred on the MTD on June 19, 2023, then knowingly filed a procedurally defective motion. The June 19, 2023 emails are attached as Exhibit B. This bad faith was carried over from the "conferences" where *Defendant* refuses to concede anything, even clearly erroneous things. They merely "go through the motions" without actually conferring in good faith to narrow the issues to reduce load and motion practice. They keep advancing patently frivolous arguments, and I know opposing counsel is much too intelligent to believe their own arguments. It is an improper litigation tactic that is designed to frustrate the administration of justice.

## III   RULE 15(B) VIOLATION

*Plaintiff* warned *Defendant* that he needed leave of the court to amend his filing, and that he believed it was improper. *see* Exhibit B. Despite knowing that he needed leave of the court, he filed it anyway without leavbe in violation of Rule 15(b).

## IV  Conclusion

The court no doubt remembers **DIRECTED** *Plaintiff* to " read and comply with all applicable rules", ostensibly because ignorance of the rules is no excuse and non-compliance could lead to severe consequences. It is manifestly unfair to expect things from a *pro se* party that the Court does not demand from it's own bar. The undersigned has gone to great lengths to read and comply with every rule, even when it is inconvenient or harms his case. If there are no consequences for *Defendant*'s failure to comply with multiple rules and intentionally making misrepresentations to the court, then that sounds like an effective litigation strategy that the undersigned would very much like deploy on this docket.

*Defendant*'s behavior is not innocuous, their failure to comply with the rules directly needlessly resulted in three motions to dismiss and *at least* two complaints. Had they just followed the rules, there are areas we agreed on and could have narrowed the issues and avoided duplicative filings.

To the extent that the Court tolerates all of these transgressions and treats Doc. 23 as the operative Motion to Dismiss (even though im not even sure what it is since he didnt cite the rule he was moving under), then please reincorporate *Plaintiff*'s previous response, Doc. 24, here to avoid making the court read a copy-pasta.

For all of the foregoing reasons, *Plaintiff* requests that the Court deny Defendant's Motion to Dismiss Plaintiff' Amended Verified Complaint without leave to amend.

| | |
|---|---|
| 6-20-2023 | *signature* |
| Date | Signature |
| | Blake Warner, *pro se* |
| | 2211 S Village Ave |
| | Tampa, FL 33612 |
| | E-Service: BLAKE@NULL3D.COM |

5