While we disagree on the rest of your email, we can discuss your proposal further during our call on Friday.

Best,
Jason

[Quoted text hidden]

---

**Blake Warner** <blake@null3d.com>      Mon, Jun 19, 2023 at 7:42 AM
To: jason.margolin@akerman.com
Cc: gregg.moran@akerman.com

Mr. Margolin:

After further reading the complaint, and researching applicable case law, I believe that the capacity issue is plead well enough in the complaint, therefore I plan to simply respond to the currently pending MTD.

best regards,
-Blake

[Quoted text hidden]

---

**jason.margolin@akerman.com** <jason.margolin@akerman.com>      Mon, Jun 19, 2023 at 9:13 AM
To: blake@null3d.com
Cc: gregg.moran@akerman.com

Mr. Warner:

If you are not going to amend the complaint, then we will file an amended motion to dismiss to include a conferral section. Do you still plan to file a notice clarifying that you will not be pursuing Count II?

Best,

[Quoted text hidden]

---

**Blake Warner** <blake@null3d.com>      Mon, Jun 19, 2023 at 9:46 AM
To: jason.margolin@akerman.com
Cc: gregg.moran@akerman.com

Amending just to add a 3.01(g) motion is not enough, because the conference did not occur before the filing of the motion. Ordinarily, you would just file a supplement adding 3.01(g) certification (see attached).  But supplement is only appropriate if you did in fact confer before the filing and merely forgot to add the certification because the purpose of 3.01(g) is to resolve issues before filing to simplify the matters that the court has to adjudicate and that the non-moving party has to respond to, which obviously cannot be cured by conferring after the filing. Amendment at this junction would be an improper means to extend your filing deadline, and could only be done with leave of the court, which you would have to confer with me regarding before you filed, and which I would oppose because you waited til the last minute to file the motion without certification, and you failed to immediately withdraw the motion once you became aware that it lacked 3.01(g) certification, therefore all of this amounts to an inappropriate extension of time.

Furthermore, we did not fully confer regarding your motion. We were conferring regarding Rule 11 motion and motion to strike for non 3.01(g) compliance. It was cut short so I could decide if I was going to amend or not which would moot all of the issues anyway.  I researched the matters raised at the conference and decideded that I do not need to amend.  We would need to get the attorney on the phone who drafted that settlement agreement for one, so she can tell you that your position is frivolous. The settlement was originally drafted with a full general release, but I refused to sign it unless the release was limited specifically to the educational instruction of J.W.  Had you spoke to her before filing your MTD, you would know this. Furthermore, I do not believe you are conferring in good faith given that you refuse to remove any of

your clearly frivolous positions. You cannot certify if one side believes the conference was not done in good faith.

At this point, the only thing I will agree to, is the filing of an answer to moot the MTD. I am still very annoyed that I have to respond to these frivolous arguments.

best regards,
-Blake

[Quoted text hidden]

 **gov.uscourts.flmd.389806.64.0.pdf**
82K

---

**Blake Warner** <blake@null3d.com>   Mon, Jun 19, 2023 at 9:54 AM
To: jason.margolin@akerman.com
Cc: gregg.moran@akerman.com

I do agree with you that federal mandamus is inappropriate here, if you stipulate to that fact and waive the right to raise claim splitting, then I will file the notice.  Otherwise I will just wait til the court eventually dismisses it to forgo any claim-splitting allegations.

[Quoted text hidden]

---

**jason.margolin@akerman.com** <jason.margolin@akerman.com>   Mon, Jun 19, 2023 at 10:17 AM
To: blake@null3d.com
Cc: gregg.moran@akerman.com

Mr. Warner:

We disagree. We did confer with you before. We have been very clear from the beginning (of both cases) of the legal deficiencies in your case, even as your legal theories continue to evolve and change. We agreed to confer further, when you indicated you would be withdrawing Count II. But as we discussed repeatedly before, we will not agree to waive any claim-splitting argument and will not agree to you filing additional lawsuits.

We also do not agree to waive our motion to dismiss and answer as you suggested below. And we do not agree that your agreement is required to amend our motion simply to include the inadvertently omitted 3.01(g) certificate. We have always conferred with you in good faith, even when your tactics and threats have given us reason to do otherwise. And we will continue to do so.

Based on our conversations and your emails today, I understand our conferrals are complete and that we are at an impasse.

[Quoted text hidden]

---

**Blake Warner** <blake@null3d.com>   Mon, Jun 19, 2023 at 11:35 AM
To: jason.margolin@akerman.com
Cc: gregg.moran@akerman.com

Mr. Margolin:

Please give some dates/times that you are  available to confer on a motion to strike your second motion to dismiss for failure to comply with local rule 3.01(g) and sanctions.

best regards,
-Blake

[Quoted text hidden]