**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

Sam M. Gibbons U.S. Courthouse
Office of the Clerk
801 North Florida Avenue
Tampa, FL 33602
(813) 301-5400
www.flmd.uscourts.gov

| | |
|---|---:|
| Elizabeth M. Warren | Kristin Esposito |
| Clerk of Court | Tampa Division Manager |

**DATE:** July 21, 2023

**TO:**  Clerk, U.S. Court of Appeals for the Eleventh Circuit

BLAKE ANDREW WARNER,

    Plaintiff,

v.  Case No: 8:23-cv-1029-SDM-SPF

SCHOOL BOARD OF HILLSBOROUGH COUNTY,
FLORIDA,

    Defendant.

**U.S.C.A. Case No.:**          **TBD**

Enclosed are documents and information relating to an appeal in the above-referenced action. Please acknowledge receipt on the enclosed copy of this letter.

- Honorable Steven D. Merryday, Chief United States District Judge appealed from.

- Appeal filing fee was not paid. Upon filing a notice of appeal, the appellant must pay the district clerk all required fees. The district clerk receives the appellate docket fee on behalf of the court of appeals. If you are filing informa pauperis, a request for leave to appeal in forma pauperis needs to be filed with the district court.

- Certified copy of Notice of Appeal, docket entries, judgment and/or Order appealed from. Opinion was not entered orally.

- No hearing from which a transcript could be made.

ELIZABETH M. WARREN, CLERK

By:     s/LDR, Deputy Clerk

INTAPP

# U.S. District Court
# Middle District of Florida (Tampa)
# CIVIL DOCKET FOR CASE #: **8:23−cv−01029−SDM−SPF**

| | |
|---|---|
| Warner v. School Board of Hillsborough County, Florida | Date Filed: 05/10/2023 |
| Assigned to: Judge Steven D. Merryday | Jury Demand: Plaintiff |
| Referred to: Magistrate Judge Sean P. Flynn | Nature of Suit: 448 Civil Rights: Education |
| Cause: 28:1331 Fed. Question: Civil Rights Violation | Jurisdiction: Federal Question |

**Plaintiff**

| | | |
|---|---|---|
| **Blake Andrew Warner** | represented by | **Blake Andrew Warner**<br>2211 S Village Ave<br>33612<br>Tampa, FL 33612<br>212−542−0055<br>Email: blake@null3d.com<br>PRO SE |


V.

**Defendant**

| | | |
|---|---|---|
| **School Board of Hillsborough County, Florida** | represented by | **Jason L. Margolin**<br>Akerman LLP − Tampa<br>401 E Jackson St Ste 1700<br>Tampa, FL 33602−5250<br>813.209.5009<br>Fax: 813.223.2837<br>Email: jason.margolin@akerman.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 05/10/2023 | 1 | COMPLAINT against The School Board of Hillsborough County, Florida with Jury Demand Filing fee $402.00, receipt number TPA 68503 filed by Blake Warner. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Civil Cover Sheet)(SET) (Entered: 05/11/2023) |
| 05/10/2023 | 2 | SUMMONS issued as to The School Board of Hillsborough County, Florida. (SET) (Entered: 05/11/2023) |
| 05/10/2023 | 3 | NOTICE of a related action per Local Rule 1.07(c) by Blake Warner. Related case(s): Yes (SET) (Entered: 05/11/2023) |
| 05/10/2023 | 4 | RETURN of service executed on 05/10/2023 by Blake Warner as to The School Board of Hillsborough County, Florida. (AG) (Entered: 05/11/2023) |
| 05/11/2023 | 5 | **ORDER: With his consent, the Court transfers this case to the Honorable Steven D. Merryday under Local Rule 1.07(a)(2)(A). The Clerk is directed to reassign** |

| | | |
|---|---|---|
| | | this case to Judge Merryday for all further proceedings. **Signed by Judge Kathryn Kimball Mizelle on 5/11/2023. (MEV)** (Entered: 05/11/2023) |
| 05/12/2023 | 6 | Case Reassigned to Judge Steven D. Merryday. New case number: 8:23–cv–1029–KKM–AAS. Judge Kathryn Kimball Mizelle no longer assigned to the case. (AG) (Entered: 05/12/2023) |
| 05/12/2023 | 7 | **ORDER of recusal. Signed by Magistrate Judge Amanda Arnold Sansone on 5/12/2023. (BEE)** (Entered: 05/12/2023) |
| 05/12/2023 | 8 | Case Reassigned to Magistrate Judge Sean P. Flynn. New case number: 8:23–cv–1029–SMD–AAS. Magistrate Judge Amanda Arnold Sansone no longer assigned to the case. (AG) (Entered: 05/12/2023) |
| 05/12/2023 | 9 | MOTION for leave to file documents using the Middle District of Florida's electronic filing system by Blake Warner. (AG) Modified text on 5/12/2023 (AG). (Entered: 05/12/2023) |
| 05/15/2023 | 10 | **ORDER granting 9--motion for leave to file documents using CM/ECF. Signed by Judge Steven D. Merryday on 5/15/2023. (WBW)** (Entered: 05/15/2023) |
| 05/16/2023 | 11 | MOTION for Preliminary Injunction by Blake Andrew Warner. (Attachments: # 1 Exhibit Service, # 2 Exhibit A – Distance Carrollwood K–8, # 3 Exhibit B – Distance Adams MS, # 4 Exhibit C – utilization, # 5 Exhibit D – School Choice Application, # 6 Exhibit E – Passed Carrollwood Proposal, # 7 Exhibit F – School Race Demographics, # 8 Exhibit G – State School Grades, # 9 Exhibit H – Choice Window, # 10 Exhibit J – Choice Policy, # 11 Exhibit K – Assignment, # 12 Exhibit M – Addison Davis Press Conference, # 13 Exhibit N – Distant Assigned Students, # 14 Exhibit O – Distance Crow Flies Carrollwood, # 15 Exhibit P – Distance Crow Flies Adams, # 16 Exhibit Q – Race Map, # 17 Text of Proposed Order)(Warner, Blake) (Entered: 05/16/2023) |
| 05/16/2023 | 12 | **ORDER directing Blake Warner to explain no later than 5/30/2023 why an order should not dismiss this action for improperly splitting his claims between two actions; staying the School Board's deadline by which to respond to the pending motion (Doc. 11) for a preliminary injunction. Signed by Judge Steven D. Merryday on 5/16/2023. (WBW)** (Entered: 05/16/2023) |
| 05/16/2023 | 13 | RESPONSE TO ORDER TO SHOW CAUSE re 12 Order, filed by Blake Andrew Warner. (Warner, Blake) (Entered: 05/16/2023) |
| 05/17/2023 | 14 | NOTICE by Blake Andrew Warner *of Motion to Consolidate per Local Rule 1.07(b)* (Attachments: # 1 Exhibit Motion to Consolidate, # 2 Exhibit Attachment Confer)(Warner, Blake) (Entered: 05/17/2023) |
| 05/18/2023 | 15 | SUPPLEMENT *Response to Order to Show Cause* by Blake Andrew Warner. (Attachments: # 1 Exhibit Notice of Abandonment)(Warner, Blake) (Entered: 05/18/2023) |
| 05/19/2023 | 16 | SUPPLEMENT re 13 Response to order to show cause by Blake Andrew Warner. (Warner, Blake) (Entered: 05/19/2023) |
| 05/19/2023 | 17 | CERTIFICATE of interested persons and corporate disclosure statement by Blake Andrew Warner. (Warner, Blake) (Entered: 05/19/2023) |
| 05/30/2023 | 18 | MOTION to Dismiss Plaintiffs' Complaint by School Board of Hillsborough County, Florida. (Attachments: # 1 Exhibit 1)(Margolin, Jason) (Entered: 05/30/2023) |

| | | |
|---|---|---|
| 05/31/2023 | 19 | AMENDED COMPLAINT against School Board of Hillsborough County, Florida filed by Blake Andrew Warner. Related document: 1 Complaint,. (Attachments: # 1 Exhibit A – Distance Carrollwood, # 2 Exhibit B – Distance Adams, # 3 Exhibit C – Utilization, # 4 Exhibit D – Choice Application, # 5 Exhibit E – Carrollwood Proposal, # 6 Exhibit F – School Race Demographics, # 7 Exhibit G – State School Grades, # 8 Exhibit H – Choice Window, # 9 Exhibit J – Hardship Policy)(Warner, Blake) (Entered: 05/31/2023) |
| 06/06/2023 | 20 | MOTION to Amend 11 MOTION for Preliminary Injunction by Blake Andrew Warner. (Warner, Blake) (Entered: 06/06/2023) |
| 06/13/2023 | 21 | STRICKEN PER ORDER SEE DOC. 28 MOTION to Dismiss Plaintiff's Amended Verified Complaint by School Board of Hillsborough County, Florida. (Attachments: # 1 Exhibit 1)(Margolin, Jason) Modified on 7/6/2023 (LAB). (Entered: 06/13/2023) |
| 06/14/2023 | 22 | NOTICE by Blake Andrew Warner re 21 MOTION to Dismiss Plaintiff's Amended Verified Complaint *Lacks Local Rule 3.01(g) Certification* (Warner, Blake) (Entered: 06/14/2023) |
| 06/19/2023 | 23 | Amended MOTION to Dismiss Amended Verified Complaint *(amended only to include 3.01(g) conference certificate)* by School Board of Hillsborough County, Florida. (Attachments: # 1 Exhibit 1 – Redacted Settlement Agreement)(Margolin, Jason) (Entered: 06/19/2023) |
| 06/19/2023 | 24 | RESPONSE in Opposition re 21 MOTION to Dismiss Plaintiff's Amended Verified Complaint filed by Blake Andrew Warner. (Warner, Blake) (Entered: 06/19/2023) |
| 06/20/2023 | 25 | RESPONSE in Opposition re 20 MOTION to Amend 11 MOTION for Preliminary Injunction filed by School Board of Hillsborough County, Florida. (Margolin, Jason) (Entered: 06/20/2023) |
| 06/20/2023 | 26 | RESPONSE in Opposition re 23 Amended MOTION to Dismiss Amended Verified Complaint *(amended only to include 3.01(g) conference certificate)* filed by Blake Andrew Warner. (Attachments: # 1 Exhibit A – Email Confer, # 2 Exhibit B – Confer Not Complete)(Warner, Blake) (Entered: 06/20/2023) |
| 07/03/2023 | 27 | Emergency Unopposed MOTION to Request Show Cause Ruling by Blake Andrew Warner. (Attachments: # 1 Exhibit 2023–2024 School Calendar)(Warner, Blake) (Modified on 7/3/2023 to edit docket text) (JDR). (Entered: 07/03/2023) |
| 07/05/2023 | 28 | **ORDER dismissing the complaint without prejudice; permitting Warner to amend no later than July 28, 2023, the complaint in Warner v. School Board of Hillsborough County, Florida, No. 8:23–cv–181–SDM–JSS (M.D. Fla.), and assert his claims against the School Board; directing the clerk to file a copy of this order in 8:23–cv–181–SDM–JSS; directing Warner to appear through a lawyer to assert claims on behalf of his minor child; denying as moot 11--motion for a preliminary injunction; denying as moot 20--motion to amend the motion for a preliminary injunction; denying as moot 18--motion to dismiss the initial complaint; striking for failure to comply with the Local Rules 21--motion to dismiss the amended complaint; denying as moot 23--amended motion to dismiss the amended complaint; denying as moot 27--motion to rule on the pending show–cause order. Signed by Judge Steven D. Merryday on 7/5/2023. (WBW) (Entered: 07/05/2023)** |
| 07/21/2023 | 29 | |

|   |   | NOTICE OF INTERLOCUTORY APPEAL as to 28 Order on Motion for Preliminary Injunction Order on Motion to Dismiss Order on Motion to Amend / Correct / Modify / Supplement Order on Motion for Miscellaneous Relief by Blake Andrew Warner. (Warner, Blake) (Entered: 07/21/2023) |

4

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BLAKE WARNER, on behalf of himself
and his minor child, J.W.,

    Plaintiff,

v.                                                  CASE NO. 8:23-cv-1029-SDM-SPF

THE SCHOOL BOARD OF
HILLSBOROUGH COUNTY,
FLORIDA,

    Defendant.
_____/

**ORDER**

Alleging that the Hillsborough County School Board unlawfully both segregates the schools and refuses to assign his child to the school closest to his place of residence, Blake Warner, appearing *pro se* on behalf of himself and his minor child, sues (Doc. 19) the School Board and asserts claims under 20 U.S.C. § 1703; under 42 U.S.C. § 1983; and under Florida law.

In a pending, earlier-filed action, *Warner v. School Board of Hillsborough County, Florida*, No. 8:23-cv-181-SDM-JSS (M.D. Fla.), Warner on behalf of himself and his minor child alleged racial segregation and asserted claims under 20 U.S.C. § 1703, 42 U.S.C. § 1983, and 42 U.S.C. § 3604. Under *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1236 (11th Cir. 2021), a plaintiff may not "improperly split [] claims" between or among two or more actions. The claims in this action and the claims in the

earlier-filed action appear premised on a common aggregate of facts, that is, appear premised on the "same transaction or series of transactions" — the alleged segregation of the schools in Hillsborough County.  For that reason, an order directs Warner to "explain why an order should not dismiss this action for improperly splitting his claims between two actions."

In the earlier-filed action, Warner moves to consolidate the actions and amends the complaint to include only claims under 42 U.S.C. § 3604 and asserted only on behalf of himself.  *Warner*, Docs. 27 and 29, No. 8:23-cv-181-SDM-JSS.  In this action, Warner reports (Doc. 15) the amendment in the earlier-filed action and contends (1) that the actions are "temporally distant" and (2) that the earlier-filed action "focuses on harm" to Warner but this action "focuses on harm" to Warner's child.  Arguing, among other things, that despite the amendment in the earlier-filed action Warner continues to impermissibly split his claims between the two actions, the School Board moves (Doc. 18) to dismiss.

In response to the motion to dismiss, Warner in this action amends the complaint (the amendment moots the motion to dismiss), adds himself as a plaintiff asserting a claim under 20 U.S.C. § 1703, adds a claim under 42 U.S.C. § 1983 on behalf of himself and his child, and replaces the claim under Florida law with a request for a writ of mandamus.  But by adding himself as a plaintiff in the amended complaint in this action, Warner undercuts his attempt to avoid claim splitting by removing his child as a plaintiff in the earlier-filed action.  As previously stated, Warner cannot "improperly split [his] claims" between or among actions that "arise from the

- 2 -

same transaction or series of transactions." *Kennedy*, 998 F.3d at 1236.  According to *Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 842–43 (11th Cir. 2017), actions originate in the same transaction or series of transactions if the actions "are related in time, origin, and motivation, and they form a convenient trial unit[.]"  Further, *Vanover* affirms the decision that "splitting the time frame into two different periods does not create a separate transaction."  Indeed, *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000); *Zerilli v. Evening News Association*, 628 F.2d 217, 222 (D.C. Cir. 1980); and *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977); persuasively hold that a plaintiff may not "maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant."

In both this action and the earlier-filed action, Warner appears as a plaintiff; sues the same defendant, the School Board; and asserts claims based on the School Board's allegedly ongoing segregation of the schools in the county.  These actions "form a convenient trial unit."  Discovery in each action will overlap.  Although the injury alleged in one action reportedly occurred at a time different from the injury alleged in the other action, the allegedly ongoing segregation caused each alleged injury.  Thus, Warner must assert his claims about the School Board's alleged segregation in a single action.

Further, neither party discusses Warner's ability to prosecute *pro se* his child's claims.  Although a parent may appear as plaintiff on behalf of a minor child, who lacks the capacity to sue, "parents who are not attorneys may not bring a *pro se* action on their child's behalf."  *FuQua v. Massey*, 615 Fed. App'x 611, 612 (11th Cir. 2015)

- 3 -

(quoting *Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 581 (11th Cir. 1997) *overruled in part on other grounds, Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 535 (2007)).  Thus, if Warner intends to appear as plaintiff on behalf of his minor child and assert his child's claims, Warner must appear through a lawyer.  (Again, Warner may assert *pro se* claims on behalf of himself only.)

For these reasons and because (as the parties agree) Warner cannot assert a claim for a writ of mandamus against a state official, *Butt v. Zimmerman*, 2022 WL 5237916 (11th Cir. 2022), *cert. denied*, 143 S. Ct. 1059 (2023), the complaint is **DISMISSED WITHOUT PREJUDICE**.  Warner must assert his claims against the School Board in a single action.  No later than **JULY 28, 2023**, Warner may amend the complaint in the earlier-filed action, *Warner*, 8:23-cv-00181-SDM-JSS, and assert his claims against the School Board.  The clerk is **DIRECTED** to file a copy of this order in the earlier-filed action.

If Warner intends to appear as a plaintiff to assert his son's claims, Warner must appear through a lawyer.  No later than **JULY 28, 2023**, a lawyer must appear, or an order will dismiss this action without further notice.  The motion (Doc. 18) to dismiss the original complaint in this action is **DENIED AS MOOT**.  The motion (Doc. 11) for a preliminary injunction and the motion (Doc. 20) to amend the motion for a preliminary injunction are **DENIED AS MOOT**.  Warner may amend the motion for a preliminary injunction after a lawyer appears and amends the complaint.  The motion (Doc. 27) to rule on the pending show-cause order is **DENIED AS MOOT**.

- 4 -

Also, after Warner amended the complaint in this action, the School Board again moved (Doc. 21) to dismiss but failed to include a certificate in accord with Local Rule 3.01(g). In response, Warner (1) filed (Doc. 22) a "notice of lack of Local Rule 3.01(g) compliance," which reports that the School Board failed to confer before filing the motion to dismiss, and (2) separately responded (Doc. 24) to the motion to dismiss. The response conceded that "federal mandamus is inappropriate[]" but otherwise opposed the motion to dismiss. To remedy the Local Rule violation, the School Board unilaterally amended (Doc. 23) the motion to dismiss to add a Local Rule 3.01(g) certificate, which states that the parties conferred by e-mail and telephone and that the parties disagree about the motion. Warner responded to the amended motion and asserted that the 3.01(g) certificate falsely represented the conference. The first motion (Doc. 21) to dismiss the amended complaint is **STRICKEN** for failure to comply with Local Rule 3.01(g). And counsel is **WARNED** to comply carefully with all applicable rules, including the Local Rules. The amended motion (Doc. 23) to dismiss the amended complaint is **DENIED AS MOOT**.

ORDERED in Tampa, Florida, on July 5, 2023.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

# United States District Court
### For The Middle District of Florida
### Tampa Division

| | |
|---|---|
| Blake Warner, on behalf of himself and his minor child J.W.<br><br>v.<br><br>The School Board of Hillsborough County, Florida | Case Number 8:23-CV-1029 |

## Notice of Appeal to the Eleventh Circuit Court of Appeals

Plaintiff, Blake Warner, hereby gives notice that he is appealing Order (Doc. 28) entered on July 5, 2023, denying *pro se* status to Mr. Warner to represent his minor child J.W., to the United States Court of Appeal for the Eleventh Circuit[1].

---

[1] *see* Devine v. Indian River County School Board, 121 F.3d 576, 579 (11th Cir. 1997) ("We conclude that we have jurisdiction over non-final orders denying pro se status.").

1

## CERTIFICATE OF SERVICE

I certify that a copy hereof has been served to Defendant via CM/ECF.

| | |
|---|---|
| 7-21-2023 | *[signature]* |
| Date | Signature |
| | Blake Warner, *pro se* |
| | 2211 S Village Ave |
| | Tampa, FL 33612 |
| | E-Service: BLAKE@NULL3D.COM |

2